UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ROBERT EUGENE SECORD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:06-cv-94 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| MICHIGAN DEPARTMENT OF | ) | |
| CORRECTIONS et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A.  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because the Michigan Department of Corrections and the Michigan Parole Board are immune and Plaintiff fails to state a claim against the remaining Defendants.

**Discussion**

I.      Factual allegations

In 1996, Plaintiff pleaded guilty in two separate Michigan cases to unarmed robbery and  first-degree home invasion.  He was sentenced to prison terms of five to fifteen years and five to twenty years, respectively.  In 2002, while incarcerated in the Michigan Department of Corrections (MDOC), Plaintiff pleaded guilty to possession of contraband and was sentenced to an additional term of twenty months to five years.  On September 17, 2004, the Michigan Parole Board issued a decision to grant Plaintiff parole with a scheduled release date of October 13, 2004.  Plaintiff claims that the parole board was aware of outstanding probation violation charges against him in the State of Missouri when they made the release decision.  Plaintiff previously was convicted in St. Charles County, Missouri, of second-degree burglary and stealing.  Plaintiff was placed on probation in Missouri and subsequently transferred his probation from Missouri to Michigan.  According to Plaintiff, the probation violations were for "new" crimes (the convictions Plaintiff was serving in Michigan) and failing to notify his probation agent of his change in address.

On September 24, 2004, before Plaintiff was released from prison, the Michigan Parole Board suspended its decision to parole Plaintiff as the result of a detainer lodged by the State of Missouri pursuant to the Interstate Agreement on Detainers (IAD) for untried felony charges. Plaintiff maintains that there were no new untried felony charges in Missouri, just the previously known probation violation charges.  The parole board rescinded Plaintiff's parole on October 20, 2004.  Plaintiff claims that he did not receive a hearing or any other opportunity to present evidence to the parole board before his parole was rescinded.

On November 30, 2004, Defendant Huttenlocker asked Plaintiff to sign the IAD form notifying him of the alleged untried charges outstanding in Missouri.  Plaintiff claims that

- 2 -

Huttenlocker advised him that Missouri had 180 days to extradite Plaintiff or the detainer would be lifted.  Plaintiff explained that the detainer was a mistake, but Huttenlocker refused to take any corrective action.

Plaintiff retained counsel and filed a petition for habeas corpus relief in the Ingham County Circuit Court seeking release on parole.  Plaintiff claimed that the Michigan Parole Board rescinded his parole without a hearing in violation of Plaintiff's due process rights.  On May 2, 2005, the State moved to dismiss the action as moot because Plaintiff had been approved for parole and would be released on parole within thirty days.  Plaintiff was paroled on June 6, 2005, but immediately was transferred to the custody of the State of Missouri pursuant to the detainer. According to the MDOC Offender Tracking and Information System, Plaintiff's parole supervision discharge date is June 6, 2007.

Plaintiff pleaded guilty to the probation violation charges in the St. Charles County Circuit Court and was sentenced to consecutive seven-year prison terms for his second-degree burglary and stealing convictions.  On April 12, 2006, the MDOC requested a detainer against Plaintiff's release for violation of his parole resulting from his new convictions in Missouri.

In the instant complaint, Plaintiff sues the MDOC; the Michigan Parole Board; John Rubitschun, Chairperson of the Michigan Parole Board; and Laura Huttenlocker, Records Officer Supervisor at the G. Robert Cotton Correctional Facility.  For relief, Plaintiff seeks (1) a declaration that Missouri had forfeited its right to enforce its detainer; (2) an order requiring the Michigan Parole Board to withdraw the 2006 parole violation detainer and discharge Plaintiff's parole; (3) credit on his current conviction for time served in the MDOC after his parole was improperly rescinded; and (4) compensatory and punitive damages.

- 3 -

II.     <u>Immunity</u>

Plaintiff sues the MDOC and the Michigan Parole Board.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment.  *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987).

The Michigan Parole Board is part of the Michigan Department of Corrections.  Mich. Comp. Laws § 791.231a(1).  Therefore, the Michigan Parole Board, as part of the Department of Corrections, also is entitled to Eleventh Amendment immunity.  *See Fleming v. Martin*, No. 01-1422, 2001 WL 1176354, at *1 (6th Cir. Sept. 26, 2001) (Michigan Parole Board entitled to Eleventh Amendment immunity); *Carson v. Parole Bd.*, No. 88-1277, 1988 WL 79688, at *1 (6th Cir. July 27, 1988) (same).  Accordingly, the MDOC and the Michigan Parole Board must be dismissed from this action.

- 4 -

While Defendants Rubitschun and Huttenlocker are not immune from Plaintiff's claims for declaratory and injunctive relief, Plaintiff fails to state a claim against them for the reason set forth below.

II.     Failure to State a Claim

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997 ).

In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court clarified that §1983 remains available to state prisoners for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. However, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* (emphasis in original). In this case, Plaintiff challenges the

rescission of his parole in 2004, seeks a withdrawal of the new parole violation charges and detainer filed by the MDOC in 2006, and requests a discharge of his parole. Consequently, under *Wilkinson*, his success in the action would necessarily demonstrate the invalidity of confinement or its duration. Accordingly, the complaint is *Heck*-barred.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. § 1915A(b) because the Michigan Department of Corrections and the Michigan Parole Board are immune and Plaintiff fails to state a claim against the remaining Defendants.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date:    July 18, 2006            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE